UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00036-RJC

| | |
|---|---|
| CRYSTAL D. MIDDLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Defendant's Motion for Summary Judgment, (Doc. No. 13). The motions are ripe for adjudication.

I. BACKGROUND

A. Procedural Background

Crystal D. Middleton ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed an application for Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on April 16, 2014. (Doc. Nos. 9 to 9-1: Administrative Record ("Tr.") at 270–71.) Her applications were denied first on July 17, 2014, (Tr. 270–71), and upon reconsideration on July 15, 2015, (Tr. 306–07). Plaintiff timely filed a request for a hearing on September 1, 2015, (Tr. 354), and an administrative hearing was held by an administrative law judge ("ALJ") on September 19, 2017, (Tr. 381). Following this hearing, the ALJ found that Plaintiff

was not disabled under the SSA. (Tr. 120–42.) Plaintiff requested a review of the ALJ's decision, but on December 3, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 1–7.) Having exhausted her administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of her social security claim in this Court.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Tr. 123.) To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that her disability began on December 1, 2011 due to physical and mental impairments. (Tr. 418, 420.)

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 135.) In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five-steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets

---

[1] Under the SSA, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

2

or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 134–35.) In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that she suffered from severe physical and mental impairments,[2] and that her impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 125–28.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff

> has the [RFC] to perform light work . . . except that the claimant can only stand for two hours in an eight-hour workday; the claimant can only walk for two hours in an eight-hour workday; the claimant can sit

---

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: lumbar spine disorder, bilateral plantar fasciitis, right heel spur, cirrhosis, Wolff-Parkinson-White syndrome, schizoaffective disorder, social anxiety, and post-traumatic stress disorder. (Tr. 125.)

3

for six hours in an eight-hour workday; the claimant can lift 20 pounds occasionally and ten pounds frequently; the claimant can never climb ladders, scaffolds, and ropes; the claimant can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; the claimant must avoid concentrated exposure to hazards; the claimant can perform unskilled work (SVP 1 and 2) on a sustained basis (8 hours per day, 5 days per week, in two-hour increments with normal breaks); the claimant requires a low stress work environment, defined as non-production work (specifically, no fast-paced work like an assembly line where one would have to produce a product in a high-speed manner); the claimant cannot have any public contact; and the claimant can only have occasional contact with co-workers.

(Tr. 128–29.) Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which she had previously been employed. (Tr. 133.) Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in her RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 134–35.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "office helper,"[3] "routing clerk,"[4] and "shipping and receiving weigher."[5] (Tr. 48.) According to the DOT, all of these jobs involve "light work." The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent her from working; consequently, Plaintiff's applications for Title II and Title XVI benefits were denied. (Tr. 134–35.)

---

[3] DOT 239.567-010.
[4] DOT 222.687-022.
[5] DOT 222.387-074.

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled her lawful duty in her determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff contends that remand is warranted for three reasons: (1) in denying Plaintiff's request for review, the Appeals Council did not consider additional evidence submitted by Plaintiff after the ALJ's decision; (2) the ALJ did not give appropriate weight to the opinions of Plaintiff's treating sources; and (3) the ALJ failed to properly assess Plaintiff's vocational limitations as required by Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) and subsequent case law. The Court disagrees with Plaintiff's allegations of error and addresses each in turn.

### A. The Appeals Council did not err in failing to consider Plaintiff's additional evidence.

The regulations allow "claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council." Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011). "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Secretary, Health & Human Servs., 953 F.2d 93, 95–

6

96 (4th Cir. 1991) (quotation marks omitted). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." Meyer, 662 F.3d at 705 (quotation marks omitted).

After the ALJ issued his decision, Plaintiff obtained and submitted to the Appeals Council medical records from Claire Michelle Flanagan, PAC, from October 10 through November 13, 2017. (Tr. 143–58.) The Appeals Council did not consider this evidence in denying Plaintiff's request for review, concluding that there was not a reasonable probability that the evidence would change the outcome. (Tr. 2.) "Accordingly, the court must determine whether the [additional evidence] was new, material, and relates to the period on or before the date of the ALJ's decision. If so, the Appeals Council erred in failing to consider it, and the matter must be remanded." Briggs v. Berryhill, No. 4:16-cv-240, 2017 U.S. Dist. LEXIS 156579, at *10–11 (E.D.N.C. Aug. 30, 2017) (citation omitted).

Even assuming arguendo that the additional records are new and relate to the period at issue, Plaintiff fails to explain how or why the records are material. Plaintiff argues that the additional records submitted to the Appeals Council demonstrate that Plaintiff's fibromyalgia was a severe impairment. An impairment is "severe" if it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The additional records submitted to the Appeals Council reflect "symptoms and physical findings of Fibromyalgia," (Tr. 150); however, Plaintiff fails to explain how these symptoms or findings significantly limit her ability to do basic work activities and thus constitute a severe impairment, or otherwise explain why

7

there is a reasonable possibility that these records would have changed the outcome. Instead, Plaintiff merely asserts that the Appeals Council should have evaluated these records. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Duckworth v. Berryhill, No. 5:15-cv-00129, 2017 U.S. Dist. LEXIS 63213, at *15–16 (W.D.N.C. Apr. 26, 2017) (quotation marks omitted). As Plaintiff fails to offer any argument as to why there is a reasonable possibility that these records would have changed the outcome, the Court finds no reversible error on this ground.

### B. The ALJ did not err in weighing the opinions of Plaintiff's treating sources.

Plaintiff contends that the ALJ erred in weighing the opinions of Plaintiff's treating sources. Plaintiff does not expressly identify the treating sources whose opinions she contends the ALJ improperly weighed. It appears, however, that Plaintiff is referring to the opinions of Brady J. Schroer, DO, C. Pamela Lowe-Hoyte, MD, and Dennis Hoogerman, Ph.D.

The regulations provide that more weight will generally be given to "medical opinions" from "treating sources." 20 C.F.R. § 404.1527(c)(2). A "treating source" is defined as an "acceptable medical source" with whom the claimant has or has had an ongoing treatment relationship. Id. § 404.1527(a)(1)–(2). The regulations state that the Administration will consider that a claimant has an ongoing treatment relationship with an acceptable medical source "when the medical evidence establishes that [the claimant] see[s], or ha[s] seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation

8

required for [the claimant's] medical condition(s)." Id. § 404.1527(a)(2). "Medical opinions" are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, and what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." Id. § 404.1527(a)(1).

With respect to Schroer, Plaintiff points to two discharge reports from Margaret R. Pardee Memorial Hospital dated December 9, 2009 and January 14, 2010 that reflect Schroer was the attending physician. (Tr. 561–64.) Plaintiff fails to argue or otherwise cite to evidence showing that Plaintiff had an ongoing treatment relationship with Schroer such that he constitutes a "treating source." In addition, Plaintiff fails to cite to any "opinion" of Schroer that she contends the ALJ improperly weighed.

With respect to Lowe-Hoyte, Plaintiff points to various medication reviews and treatment notes. (Tr. 565–95, 792–95, 990–92, 1106–08, 1242–50.) This evidence consists of Lowe-Hoyte's observations from her sessions with Plaintiff, and the ALJ referred to these observations in his decision. (Tr. 131.) This evidence does not, however, constitute a "medical opinion" within the meaning of the regulations.

Last, Hoogerman was the consultative psychologist who examined Plaintiff. (Tr. 1144.) Hoogerman opined that Plaintiff was moderately to severely limited in her ability to (1) understand, retain, and follow instructions, (2) sustain attention and perform simple repetitive tasks, and (3) tolerate the stress and pressures associated

9

with day-to-day work activity. (Tr. 131.) Hoogerman also opined that Plaintiff was severely limited in her ability to relate to others. (Tr. 131.)

As an initial matter, Hoogerman is not a "treating source" whose opinions are generally entitled to greater weight. (Tr. 1144.) Notwithstanding this fact, the ALJ sufficiently explained why he assigned little weight to Hoogerman's opinion:

> Although Dr. Hoogerman examined the claimant, he lacks a longitudinal relationship with her. Moreover, the numerous positive pertinent findings found in his report are not noted by the claimant's treating mental health provider. Finally, his opinion is vague in that he did not define the terms "moderately" and "severely." The opinion is inconsistent with the mental longitudinal history and activities of daily living. While the claimant has been reported to be positive for depression. [sic] She did not have any memory loss, no hallucinations, she was oriented times 3 with appropriate mood and affect. The mental longitudinal history further reveals the claimant was pleasant in no acute distress, had no depression anxiety or agitation, thoughts were clear and organized, the claimant denied memory loss, or confusion, she had appropriate hygiene and grooming. Other records indicate the claimant to be super anxious, OCD, hearing voices had a depressed mood and inability to concentrate. Mental status examinations revealed 2 of 5 delayed recall, could name the current and past President, could count backwards by sevens to 86, and activities of daily living that included driving, doing dishes, sweeping, going swimming, and wiping down the counters. When balancing the above, I conclude limited weight should be given to this opinion.

(Tr. 131–32 (citations omitted).) The Court finds that substantial evidence supports the ALJ's determination to give Hoogerman's opinion little weight.

Therefore, the ALJ did not err in weighing the opinions of Schroer, Lowe-Hoyte, and Hoogerman.

### C. The ALJ did not err under <u>Mascio</u> and subsequent case law.

Plaintiff argues that the ALJ's failure to identify to the VE the non-exertional limitations described in Hoogerman's clinical findings violates <u>Mascio</u>. As discussed

10

above, however, the ALJ assigned little weight to Hoogerman's opinion, and the ALJ sufficiently explained his reasons for doing so. Therefore, the ALJ did not err in failing to identify to the VE the non-exertional limitations described in Hoogerman's clinical findings.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: January 23, 2020

Robert J. Conrad, Jr.
United States District Judge